## HORNER & GRAVES v. JOSEPH H. BAKER.

In an action brought by the keepers of a public school to recover the amount due for the board and tuition of a student; *It was held*, that the fact that the plaintiffs were conductors of a public school, and had advertised extensively the terms and regulations thereof, taken in connection with the fact that the defendant had sent his son to this school for one session. and also sent him a second session, was competent evidence for the consideration of the jury, as tending to show that the defendant had notice of the terms and regulations, and had assented thereto.

This was a CIVIL ACTION originally commenced in the court of a Justice of the Peace, and carried upon appeal to the Superior Court of EDGECOMBE county, where it was tried before *Seymour*, *J.* and a jury, at July Term, 1875.

On the trial in the court below, one Hamilton, a witness for the plaintiffs testified, that the plaintiffs kept a public school open to students from any quarter. The school is military in its organization. The terms were $157.50 per session of twenty weeks, to be paid in advance. Tuition and board were all included in one amount at Spring Term, 1875. Formerly they were furnished as separate charges.

The plaintiffs offered to prove by the witness that these terms were extensively advertised, and offered in evidence a circular issued to the public by the plaintiff, containing the clause " that payment must be made in advance," all of which the court ruled out, on the ground that there was no evidence that the same had been brought to the attention of the defendant.

It was also in evidence that the plaintiffs were at expense in preparing for the board and tuition of students at each session. It was farther in evidence, that Julian, the son of the defendant, attended the plaintiffs' school as a student at the Spring Term, 1875, which began in January and ended in June, and was a student the preceding session; for what part of it did

not appear. The defendant admitted a balance of $21.00 due upon the preceding session. Julian was about a week late in entering at the Spring session. He stayed about four weeks, the witness could not say positively how long. He was expelled for an entire disregard of the rules of the school. A copy of the regulations were hung up in his room. "I don't know whether they were there when the offences were committed, or not. The offences were : 1. A general disposition to disobey orders. 2. A general disposition to disobey my orders. I was commandant of cadets.

*a* Fell into ranks with his hands in his pockets.

*b* Being ordered to take his hands out, did so offensively.

*c* A repetition of the same.

Thereupon he was admonished.

3. Leaving company and breaking ranks and going to the hotel while on the way to church. Did same returning, having been specially warned."

There was other evidence as to general conduct, which is not considered material to the case as decided.

The usual price for board in private boarding houses in Hillsboro is thirty dollars per month.

The court charged the jury, that there was no evidence of an express contract, and the plaintiffs were only entitled to recover the board and tuition actually furnished ; and there being no controversy with respect to the amount, they would find a verdict for the plaintiffs for $21, and $9.50, being items admitted by the defendant, and $39.40, being one quarter of the amount, $157.50, claimed.

The jury rendered a verdict in favor of the plaintiff for the sum of $70.06, with interest from the 18th of January, 1875. The court gave judgment in accordance with the verdict and the plaintiffs appealed.

*Howard & Perry*, for the appellant.
*J. L. Bridgers, Jr.*, contra.

PEARSON, C. J. The fact that plaintiffs were conductors of a public school and had advertised extensively the terms and regulations of their school, taken in connection with the fact that defendant had sent his son to this school for one session, and had also sent him to a second session, was some evidence the defendant had notice of the terms and regulations of the school, and had assented thereto. This evidence ought to have gone to the jury. There is error. We do think the cases in which it is held that a common carrier, in order to limit his liability according to the common law, must fix the bailor with direct notice, are applicable to a case like that under consideration. Upon this point some of the members of the court hold a different opinion, but the majority think it proper to give a new trial, to the end that the terms of the contract, whether express or implied, may be set out as part of the evidence.

But the defendant says, the plaintiffs were not prejudiced by the error, because they have judgment for all they are entitled to, upon a *quantum meruit.* To this the plaintiffs reply : We insist that had defendant paid in advance he would not be entitled to recover back for the time that his son was not permitted to have board and tuition during the residue of the session, and by the rejection of the evidence we were precluded from making this point. It is an interesting question, whether a parent is chargeable for board and tuition for the entire session, his son not being taken away by the act of the parent or by the act of God, but being expelled by the conductors of the school, there being no express agreement to that effect or any agreement by implication, save only the payment of board and tuition "in advance ;" but this was excluded by the rejection of the evidence tending to show the terms and regulations of the school. There will be a *venire de novo.*

PER CURIAM.                              *Venire de novo.*